UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TED HICKS, ET AL.**                                                    **CIVIL ACTION**

**VERSUS**                                                               **NO. 24-395-SDD-RLB**

**UNITED STATES OF AMERICA, ET AL.**

### ORDER

Before the Court is the United States, the U.S. Army Corps of Engineers ("USACE"), Cullen Jones, and Kimberly Peeples' ("Defendants") Motion to Set a Deadline for Dispositive Motion, to Stay Discovery, and For Expedited Relief (the "Motion"). (R. Doc. 24). Also before the Court is Ted Hicks and Grand Lake LLC's ("Plaintiffs") opposition. (R. Doc. 26).

**I.      Background**

On May 20, 2024, Plaintiffs filed their Complaint against Defendants, in this Court, regarding property owned by Plaintiffs in Livingston Parish, Louisiana (the "Property"). (R. Doc. 1). Plaintiffs allege that, on November 5, 2021, USACE issued an Approved Jurisdictional Determination ("AJD") that the Property was subject to Clean Water Act ("CWA") regulation. Plaintiffs administratively appealed the AJD, but USACE never issued a decision. On March 15, 2024, Plaintiffs withdrew their appeal before filing the Complaint, seeking (1) this Court's review of Defendants' AJD; (2) declaratory relief finding the Property was not subject to CWA jurisdiction and enjoining Defendants from pursuing any CWA jurisdictional claims; and (3) expert fees, costs, and attorney fees pursuant to 28 U.S.C. § 2412(b), along with any remedies available due to Defendants' delays and "flouting of CWA jurisprudence and regulation, including the violation of the mandatory provisions of 33 C.F.R. § 331, et seq." (R. Doc. 1 at 2).

1

On August 9, 2024, this Court set deadlines regarding the finalizing of the administrative record in this case. The Order also specified the following:

> Fourteen days after . . . an order resolving any motion challenging the adequacy or completeness of the record . . . the United States will either file a new certified list of the contents of the administrative record with the Court or notify the Court that the first index remains the operative index (the "Record Notification Date"). Within 21 days after the Record Notification Date, the Parties will file a joint proposal for further proceedings, including summary-judgment briefing.

(R. Doc. 14).

On October 31, 2024, Defendants filed an administrative record that included most of the information USACE assessed before producing its AJD. (R. Doc. 16). After Plaintiffs reviewed the record and found that some documents were missing, Defendant filed a new administrative record that included the missing documents on December 16, 2024. (R. Doc. 17). Then, on December 19, 2024, arguing the Complaint sought an administrative review (the "Administrative Review") *and* included a due process claim (the "Due Process Claim"), Plaintiffs asked this Court to order Defendants to add to the administrative record (1) the administrative appeal record, (2) a site visit map detailing the areas USACE visited, and (3) a FEMA flood map of the Property (the "Flood Map"). (R. Doc. 18). Defendants opposed the requests. (R. Doc. 19).

On July 16, 2025, this Court ordered the Flood Map to be added to the administrative record. As for the administrative appeal record, this Court held that records related to the Due Process Claim are not subject to the same record rule that applies to Plaintiffs' administrative review request, meaning that Plaintiffs should have sought such records or information subject to Fed. R. Civ. P. 37. Plaintiffs sent Defendants discovery requests (the "Requests") regarding facts relevant to the Due Process Claim (R. Doc. 24-2).

On July 27, 2025, Defendants filed the instant Motion, seeking (i) a deadline of thirty days from this Order for its motion for partial judgment on the pleadings (the "Rule 12(c)

2

Motion"), and (ii) a stay of discovery pending the resolution of the Rule 12(c) Motion. (R. Doc. 24). Defendants argue that staying discovery until the Rule 12(c) Motion is ruled on would (i) prevent unnecessary expenditure of resources on claims that may not survive and (ii) avoid further motions practice related to the Requests. Regarding the request to expedite and to set a Rule 12(c) Motion deadline, this Court ordered the following on July 29, 2025:

> [There is] good cause to stay [the] deadline to respond to Plaintiffs' Requests for Production until after resolution of this instant motion. . . . The United States shall also file any motion under Rule 12(c) within 30 days of the date of this order.

(R. Doc. 25). Plaintiffs opposed the Motion on August 14, 2025, arguing that any Rule 12(c) Motion was not filed "early enough not to delay trial[,]" because it would delay the summary judgment Administrative Review, potentially requiring Plaintiffs to seek a new AJD.[2] (R. Doc. 26). In the alternative, Plaintiffs request that, if the Court finds it necessary to create a deadline for the Rule 12(c) Motion—as it has—and stays discovery, a deadline should also be set for *all* motions addressing dispositive issues. Emphasizing that Defendants have the burden to establish the alleged wetlands are indistinguishable from waters of the United States, Plaintiffs argue the Court should require Defendants to submit a motion for summary judgment on the issue of CWA jurisdiction over the Property on the same day as the Rule 12(c) Motion deadline. Plaintiffs are also requesting a schedule for cross-motions for summary judgment and opposition briefs. Plaintiffs fail to argue specifically why a stay of discovery regarding the Due Process Claim would necessarily delay the Administrative Review.

---

[2] "[T]he Corps asserted CWA jurisdiction over [the] property through its AJD, issued November 5, 2021. The issued AJD is only "binding for five years" on the USACE and EPA. *United States Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 595 (2016). After which time, the expired AJD may force Plaintiffs to start this entire process all over again if unable to obtain a full, favorable, and final resolution of all the issues before this Court[.]" (R. Doc. 26).

3

**II.    Law and Analysis**

Under Fed. R. Civ. P. 12(c), "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id* (quotations and citation omitted). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Defendant filed its Rule 12(c) Motion for Judgment on the Pleadings on August 28, 2025. (R. Doc. 27). That motion is pending before the district judge and Plaintiff's opposition is not yet due. To the extent that Plaintiffs are asking this Court to disallow Defendants from filing their Rule 12(c) Motion or otherwise deny it because of its timing, that argument should be raised to the district judge. The undersigned notes, however, that the motion was filed within the timeframe ordered by the Court.

The request to stay discovery until the district judge resolves the Rule 12(c) motion is before the undersigned. The Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (citation omitted). Under Fed. R. Civ. P. 26(c), "the court may stay discovery for 'good cause,' such as a finding that further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions." *Id.,* at 402. "In determining whether a stay of discovery is appropriate, courts are to balance any harm produced

by a stay against the possibility that a motion to dismiss would be granted." *Your Preferred Printer, LLC v. United Wholesale, LLC,* No. CIV. A. 11-2954-SSV, 2012 WL 2190853, at *2 (E.D. La. June 14, 2012) (citation omitted). Factors courts have considered include: "(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the motion seeking a stay." *Von Drake v. Nat'l Broad. Co.*, No. 3-04-cv-0652, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (citation omitted).

This Court finds a stay of discovery on the due process claim(s) to be reasonable until the Rule 12(c) Motion is decided. If the Rule 12(c) Motion were granted, it would preclude the need for any discovery regarding the Due Process Claim. *See Ingram Corp. v. J. Ray McDermott & Co.,* 698 F.2d 1295, 1304 (5th Cir. 1983) ("A decision to prevent unnecessary discovery because the case could well be decided on the parties' motions is not, on its face, fundamentally unfair to a party desiring discovery."). *See also Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.,* 593 F. App'x 265, 274 (5th Cir. 2014) ("It is not uncommon to stay discovery pending a decision on a motion to dismiss, insofar as a Rule 12(b)(6) motion to dismiss focuses on the adequacy of the pleadings, while discovery helps a plaintiff obtain enough evidence to succeed on the merits."). This Order does not address the merits of the Rule 12(c) Motion or preclude the District Judge from lifting this stay of discovery.

The Court has also considered the nature of the discovery requests at issue. While there are few requests, they seek large amounts of information, which may take some time for Defendants to gather. A stay of discovery pending resolution of the Rule 12(c) Motion would prevent any undue burden on Defendants while also minimally harming Plaintiffs should the Rule 12(c) Motion be denied.

5

As Plaintiffs note, their Administrative Review request is ripe for consideration through summary judgment briefing and is not otherwise the subject of any motion practice. Defendants have not requested a stay of the case in general or of the Administrative Review, so they will not be prejudiced in this regard.

On August 9, 2024, this Court directed that within fourteen days of any order resolving a motion challenging the completeness of the record, Defendants were to "file a new certified list of the contents of the administrative record with the Court[.]" (R. Doc. 14). The date the new certified list was filed was to be the Record Notification Date. "Within 21 days after the Record Notification Date, the Parties [were to] file a joint proposal for further proceedings, including summary-judgment briefing." *Id.* While this Court entered an order on July 16, 2025, making clear what documents needed to be in the administrative record and also making clear the record rule did not apply to the documents related to the Due Process Claim, Defendants never filed a new certified list of the contents of the administrative record.

Thus, in accordance with the language below, the parties are ordered to confer and to file a proposed scheduling order.

### III. Conclusion

**IT IS ORDERED** that the Motion (R. Doc. 24) is **GRANTED IN PART** and **DENIED IN PART**. The request for expedited consideration and the setting of a deadline to file a Rule 12(c) Motion is moot. The request to stay discovery is granted, and discovery is stayed until the district judge issues a ruling on the pending Motion for Judgment on the Pleadings. (R. Doc. 27). The parties are ordered to contact the undersigned immediately upon resolution of that motion so that any necessary orders may be entered at that time.

**IT IS FURTHER ORDERED** that (i) Defendants shall file a new certified list of the contents of the administrative record within seven (7) days of this Order; (ii) Plaintiffs' counsel and Defendants' counsel shall confer within seven (7) days of this Order regarding scheduling; and (iii) the parties shall file a joint proposal for further proceedings, including summary-judgment briefing scheduling, into the record within fourteen (14) days of this Order.

Signed in Baton Rouge, Louisiana, on September 11, 2025.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**