UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TED HICKS, ET AL. | CIVIL ACTION |
| VERSUS | 24-395-SDD-RLB |
| UNITED STATES OF AMERICA, ET AL. | |

**RULING**

This matter is before the Court on the Motion for Partial Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c) filed by Defendants, the United States of America, the United States Army Corps of Engineers, Cullen Jones, and Kimberly Peeples (collectively, "Defendants").[1] Plaintiffs, Ted Hicks and Grand Lake LLC (collectively, "Plaintiffs"), filed an Opposition,[2] and Defendants filed a Reply.[3] For the following reasons, the Motion will be granted in part and denied in part.

I.  **BACKGROUND**

Plaintiffs filed this lawsuit seeking judicial review of an Approved Jurisdictional Determination ("AJD") issued by the United States Army Corps of Engineers ("USACE") which determined that a tract of land owned by Plaintiffs is subject to regulation under the Clean Water Act ("CWA").[4] In addition to review of the AJD under the Administrative Procedure Act ("APA"), Plaintiffs seek "recovery of costs, expert fees, and attorney fees upon the resolution of the action" pursuant to the Equal Access to Justice Act ("EAJA").[5]

---

[1] Rec. Doc. 27.
[2] Rec. Doc. 29.
[3] Rec. Doc. 32.
[4] Rec. Doc. 1, ¶¶ 1–3.
[5] *Id.* at ¶¶ 34–38.

Further, Plaintiffs claim they were denied procedural due process due to delays by Defendants during Plaintiffs' administrative appeal of the AJD.[6]

By the instant Motion, Defendants seek dismissal of Plaintiffs' procedural due process claim and the EAJA request. As to the procedural due process claim, Defendants argue: 1) Plaintiffs' allegations fail to meet the Rule 8 pleading standard; 2) Defendants are entitled to sovereign immunity; and 3) Plaintiffs failed to adequately allege a protected liberty or property interest and constitutionally inadequate process.[7] As to the EAJA request, Defendants argue it should not be treated as an independent cause of action, and even if it were, it would be unripe.[8]

## II. LAW AND ANALYSIS

### A. Rule 12(c) Standard

Rule 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."[9] The Court should accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff, the non-moving party.[10]

A motion for judgment on the pleadings under Rule 12(c) is designed to dispose of a case where the material facts are not in dispute and a judgment on the merits can be rendered by looking at the substance of the pleadings and any judicially noted facts.[11]

---

[6] *Id.* at ¶ 39.
[7] Rec. Doc. 27-1, pp. 15–23.
[8] *Id.* at pp. 23–24.
[9] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).
[10] *Guidry v. Am. Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007); *See also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).
[11] *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per ciruam) (citing 5A Wright & Miller, *Federal Practice & Procedure,* § 1367 at 509–10 (1990); *J.M. Blythe Motor Lines Corp. v. Blalock,* 310 F.2d 77, 78–79 (5th Cir. 1962)).

Additionally, the court may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[12]

"The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[13] "The issue is not whether the plaintiff will ultimately prevail, but whether [the plaintiff] is entitled to offer evidence to support his claim."[14] To survive a defendant's motion, a plaintiff must allege enough facts "to state a claim that is plausible on its face."[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[17] A complaint is insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[18] The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[19] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'"[20]

---

[12] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[13] *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (quoting *St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 440 n. 8 (5th Cir. 2000)).
[14] *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).
[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[17] *Id.* (quoting *Twombly*, 550 U.S. at 556).
[18] *Iqbal*, 556 US at 678.
[19] *Guidry*, 512 F.3d at 180.
[20] *Iqbal*, 556 US at 678.

"Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there is no disputed issue of fact and only questions of law remain."[21] "If it is clear that the plaintiff can prove no set of facts that would entitle them to relief, then the court may dismiss the claim."[22] While the Court must accept all well-pleaded facts as true, it should not "strain to find inferences favorable to the plaintiff."[23] Further, the Court should not "accept as true conclusory allegations or unwarranted deductions of fact."[24] A Motion to dismiss under Rule 12(c), just like Rule 12(b)(6), is disfavored and rarely granted.[25]

### B. Procedural Due Process Claim

#### 1. Rule 8

Defendants first argue that Plaintiffs' procedural due process claim should be dismissed for failure to comply with the pleading standard of Rule 8. Rule 8 provides, in pertinent part: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[26] This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[27]

---

[21] *Hughes*, 278 F.3d at 420.
[22] *Jones*, 188 F.3d at 324.
[23] *Taha v. William Marsh Rice Univ.*, No. CIV.A. H-11-2060, 2012 WL 1576099, at *2 (S.D. Tex. May 3, 2012) (quoting *Southland Sec. Corp. v. Inspire Ins Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[24] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (quoting *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)).
[25] *Boyd v. Dallas Indep. Sch. Dist.*, No. 3:08-CV-0426, 2009 WL 159243, at *1 (N.D. Tex. Jan. 21, 2009) (citing *Sosa v. Coleman,* 646 F.2d 991, 993 (5th Cir. 1981)).
[26] *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*, 550 U.S. 544.
[27] *Iqbal*, 556 U.S. at 678.

Plaintiffs' Complaint includes the following allegations which expressly reference due process:

> The Corps regulates and restricts Plaintiffs' freedom to use and enjoy said lands. USACE regulation also provides regulated persons administrative appeal rights on certain Corps' actions, but the federal regulatory agencies involved have obstructed Plaintiffs' appeal rights while for over three years holding Plaintiffs in perpetual limbo without use of the lands Defendants have deemed jurisdictional despite expert reports to the contrary. The Corps' actions and inactions are arbitrary and capricious and deprive Plaintiffs of the due process of law.[28]
>
> …
>
> Defendants then failed to follow their own regulations providing for administrative appeal of USACE actions. Defendants delayed for 27 months during the appeal process causing additional substantial damages to Plaintiffs including lost financial opportunity as during this delay period the Parish instituted a Parish wide moratorium upon similar residential developments. Defendants vexatiously denied Plaintiffs their procedural due process by neglecting to issue an administrative appeal decision, despite Plaintiffs waiting more than twice the time period dictated by regulation.[29]

Construing the Complaint liberally in Plaintiffs' favor, the Court finds that these allegations meet the notice-pleading standard required by Rule 8. The Complaint contains enough substance to give Defendants fair notice of the grounds upon which the procedural due process claim rests: unwarranted delays in the appeal process resulting in lost use of the land and financial opportunities. Therefore, the Court will deny the Motion with respect to Rule 8.

---

[28] Rec. Doc. 1, ¶ 2.
[29] *Id.* at ¶ 39.

### 2. Sovereign Immunity

The doctrine of sovereign immunity "renders the United States, its departments, and its employees immune from suit except as the United States has consented to be sued."[30] As Defendants recognize, "Section 702 of the APA waives the United States' sovereign immunity for actions seeking non-monetary relief against federal government agencies."[31] However, Defendants argue that Plaintiffs' procedural due process claim does not fall under the APA's waiver of sovereign immunity because Plaintiffs only seek monetary relief for the claim.[32]

Although not explicitly clear in the Complaint, Plaintiffs clarify in their Opposition brief that they seek only declaratory and injunctive relief for the due process claim.[33] In light of this concession, the Court will deny the Motion for dismissal on sovereign immunity grounds.

### 3. Failure to State a Claim

Finally, Defendants argue that Plaintiffs failed to raise a plausible due process claim "because (1) [they] ha[ve] not been deprived of a liberty or property interest protected by the Due Process Clause and (2) review of the [AJD] by this Court affords all of the process that is due to [Plaintiffs]."[34]

"The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'"[35] According to the Supreme Court,

---

[30] *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 373 (5th Cir. 1987).
[31] *Cambranis v. Blinken*, 994 F.3d 457, 462 (5th Cir. 2021) (quoting *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 488 (5th Cir. 2014)).
[32] Rec. Doc. 27-1, pp. 16–17.
[33] Rec. Doc. 29, pp. 4–5.
[34] Rec. Doc. 27-1, pp. 17–18.
[35] *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999) (citing *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)).

"[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."[36]

As noted above, Plaintiffs allege that unwarranted delays by Defendants during the AJD administrative appeal process resulted in lost use of the land and financial opportunities.[37] More specifically, Plaintiffs claim that despite regulations requiring appeals to be completed within twelve months after acceptance of the appeal request, Plaintiffs were "forced to withdraw their appeal of the AJD on March 15, 2024, nearly 26 months after the acceptance of the appeal by the USACE and 27 months after its submittal."[38] Arguing for dismissal, Defendants characterize these alleged losses as "indirect impacts [which] do not give rise to constitutional due process claims."[39] Defendants also argue that the right to an administrative appeal "is not an independent property right that gives rise to a due process claim" because there is no recognized property interest in a particular procedure in and of itself.[40]

In opposition, Plaintiffs cite the Supreme Court's decision in *United States ex rel. Accardi v. Shaughnessy*[41] for the proposition that a due process violation occurs when an agency fails to adhere to their own regulations and prejudice results.[42] Plaintiffs explain

---

[36] *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).
[37] Rec. Doc. 1, ¶¶ 2, 39.
[38] *Id.* at ¶¶ 15–17.
[39] Rec. Doc. 27-1, p. 19.
[40] *Id.*
[41] 347 U.S. 260 (1954).
[42] Rec. Doc. 29, p. 6. Interpreting *Accardi*, the Fifth Circuit has noted that "'[f]ailure to adhere to regulations *can* constitute a denial of due process of law,' not that it always does." *Leyva v. Barr*, 838 F. App'x 13, 19 (5th Cir. 2020) (quoting *Arzanipour v. I.N.S.*, 866 F.2d 743, 746 (5th Cir. 1989)). More specifically, an agency's failure to adhere to regulations may be a "per se denial of due process" only if "the regulation is required by the constitution or a statute." *Id.* Otherwise, a claimant must make an additional showing of prejudice for a due process claim. *Id.* In this case, Plaintiffs do not appear to argue a per se due process violation, instead focusing on the alleged prejudice resulting from Defendants' actions.

that AJDs lapse after five years. Relying on *Accardi* and its progeny, Plaintiffs argue that Defendants' violation of regulations imposing a twelve-month maximum on appeal decisions causes prejudice because the AJD will expire mid-litigation, potentially forcing Plaintiffs to restart the entire process and resulting in "compounding economic harm" in the form of "expert and attorney expenses and lost development on 31 acres."[43] Worded differently, Plaintiffs state: "[E]xpiration [of the AJD] mid-case (by November 2026) prejudices Plaintiffs by limiting Plaintiffs to an all or nothing outcome before this Court, as they cannot utilize the AJD... to proceed with 404 permitting without restarting the entire process (potentially another 3+ years) if this Court finds any CWA jurisdiction here."[44] Plaintiffs also claim prejudice from being forced to "begin the additional process and expense of resorting to litigation before this Court for any review."[45] Plaintiffs assert that they filed their appeal application "under the well-founded presumption that administrative remedies require exhaustion to enable judicial review."[46]

In reply, Defendants argue that Plaintiffs have no claim under *Accardi* because they have failed to demonstrate any prejudice from the alleged appeal delays.[47] Defendants assert that a claimant does not have to complete an administrative appeal before challenging an AJD in court.[48] Further, Defendants argue that "[e]ven if an applicant were to appeal their approved JD administratively (as Hicks did here), they could simultaneously seek judicial review."[49] Therefore, Defendants conclude that

---

[43] *Id.* at pp. 6–7.
[44] *Id.* at p. 7.
[45] *Id.* (emphasis in original).
[46] *Id.* at p. 8.
[47] Rec. Doc. 32, pp. 11–12.
[48] *Id.*
[49] *Id.*

Plaintiffs were not prejudiced because they could have sought Article III review of the AJD all along.

In *U.S. Army Corps of Engineers v. Hawkes Co., Inc.*, the Supreme Court held that AJDs constitute "final agency action" subject to judicial review under the APA.[50] However, the Court did not discuss whether a party must exhaust administrative remedies before seeking judicial review of an AJD.[51] The doctrines of finality and exhaustion are distinct:

> [T]he finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury; the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate.[52]

With respect to exhaustion, the Supreme Court made clear in *Darby v. Cisneros* that an administrative appeal "is a prerequisite to judicial review *only* when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review."[53]

Plaintiffs claim they "presumed" that exhaustion was required based on the information found within the AJD itself. In the section outlining the appeal options, the AJD provides: "If you disagree with the approved JD, you may appeal the approved JD under the Corps of Engineers Administrative Appeal Process by completing Section II of this form and sending the form to the division engineer."[54] However, Plaintiffs do not cite any statute or regulation requiring exhaustion as contemplated under *Darby*. Further, it is clear

---

[50] 578 U.S. 590 (2016).
[51] *Id.* at 596 (noting that the applicants administratively appealed before seeking judicial review).
[52] *Darby v. Cisneros*, 509 U.S. 137, 144 (1993) (quoting *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 193 (1985)).
[53] *Id.* at 154 (emphasis in original).
[54] Rec. Doc. 1-3, p. 12.

at this point that Defendants have waived any potential exhaustion argument in their briefing.[55] Moreover, it is unclear why Plaintiffs waited more than two total years (and more than one year after they claim the appeal decision was due) to file suit. The absence of support for an exhaustion requirement undermines Plaintiffs' position that the delay in seeking judicial review was solely attributable to Defendants. In sum, the Court finds Plaintiffs' "presumption" of an exhaustion requirement based on the text of the AJD providing that a party "may" administratively appeal the decision is insufficient, and Plaintiffs have not made an adequate demonstration of prejudice to support a claim under *Accardi*.

Setting *Accardi* aside, the Court agrees with Defendants that an administrative appeal is not a property interest in the context of a procedural due process claim.[56] Moreover, even assuming the presence of a protected property interest, this Court's review will provide Plaintiffs with constitutionally adequate process with respect to their challenge of the ADJ.[57, 58]

---

[55] *See* Rec. Doc. 32, pp. 11–12. *See also Lewis v. United States Army Corps of Eng'rs*, No. CV 18-1838, 2021 WL 1401756, at *2 (E.D. La. Apr. 14, 2021) (USACE waived any exhaustion objection by arguing that there is no exhaustion requirement for seeking judicial review of an AJD).

[56] *See, e.g., Richardson v. Twp. of Brady*, 218 F.3d 508, 517 (6th Cir. 2000) (citing *United of Omaha Life Ins. Co. v. Solomon,* 960 F.2d 31, 34 (6th Cir. 1992) (rejecting the plaintiff's argument that he had "a property interest in the procedures themselves, and that by failing swiftly to execute its procedures the Township has deprived him of that property right without due process."). *See also Allen v. Mecham*, No. CIV.A. 05-1007(GK), 2006 WL 2714926, at *3 (D.D.C. Sept. 22, 2006) ("While it is certainly true that AOUSC cannot deprive the Plaintiff of property without a 'fair hearing,' neither that hearing itself nor the right to a hearing can constitute protected property. … [A] number of courts have explicitly rejected Plaintiff's circular argument that procedures may constitute property subject to due process protection.") (collecting cases).

[57] *See Hodel v. Virginia Surface Min. & Reclamation Ass'n, Inc.*, 452 U.S. 264, 303 (1981) (quoting *Ewing v. Mytinger & Casselberry, Inc.*, 339 U.S. 594, 599 (1950)) ("It is sufficient, where only property rights are concerned, that there is at some stage an opportunity for a hearing and a judicial determination.").

[58] Defendants additionally argue that Plaintiffs could simply "disregard the [AJD] and discharge dredged or fill material into the property that he contends is not jurisdictional under the CWA, thereby putting the burden on the United States to bring an enforcement action in federal court to seek compliance with the CWA." Rec. Doc. 27-1, pp. 21–22. The Supreme Court expressly rejected this reasoning in *Hawkes*, 578 U.S. at 600.

Accordingly, the Court will grant the Motion and dismiss Plaintiffs' procedural due process claim.

**C. EAJA**

The EAJA provides that the court shall award attorney's fees and costs to a "prevailing party" in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[59]

Defendants argue the EAJA claim should be dismissed because it is "not an independent cause of action."[60] Defendants also argue that an EAJA claim would be unripe because there is no "prevailing party" at this time, and there has been no determination whether Defendants' position was "substantially justified."[61]

In the Complaint, Plaintiffs request fees and costs under the EAJA "upon the resolution of the action."[62] In their Opposition brief, Plaintiffs clarify that the "EAJA request is ancillary to APA/CWA review" and is not intended to be a "standalone" claim.[63] The Court will construe Plaintiffs' reference to EAJA in the Complaint as part of the relief sought rather than an independent claim subject to dismissal.[64] Accordingly, Defendants' Motion will be denied in this regard.

---

[59] 28 U.S.C. § 2412(d)(1)(A).
[60] Rec. Doc. 27-1, pp. 23–24 (quoting *Holley v. Blinken*, No. 20-CV-18938, 2022 WL 951369, at *5 n.6 (D.N.J. Mar. 30, 2022)).
[61] *Id.*
[62] Rec. Doc. 1, ¶ 38.
[63] Rec. Doc. 29, p. 5.
[64] Defendants "do[ ] not oppose [Plaintiffs] filing an application for attorneys' fees and costs under EAJA 'should the time become appropriate.'" Rec. Doc. 32, p. 14.

### III.   CONCLUSION

For the foregoing reasons, the Motion for Partial Judgment on the Pleadings[65] is GRANTED IN PART and DENIED IN PART.

The Motion to dismiss the Plaintiffs' procedural due process claim is GRANTED, and the claim is hereby dismissed with prejudice.

The Motion is DENIED with respect to Plaintiffs' request for relief under the EAJA.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this  4th  day of ___February___, 2026.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[65] Rec. Doc. 27.